*BOATNER vs. VENTRISS' HEIRS.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE THEREOF PRESIDING.

Evidence must be received of the value of the fruits from the period when the possessor is ascertained to be in bad faith.

When the Supreme Court remands a cause on a single point, it remands it also for an enquiry into all the questions which grow out of the discussion of that point.

The owner who procures the eviction, has a right to elect whether he will pay the value of the materials, and the price of the workmanship, or a sum equal to the enhanced value of the soil.

On appeal, the plaintiff's title to the land in controversy was established, and the cause remanded, in order to ascertain the value of the improvements made by the defendant,

Eastern District.
*January*, 1831.

BOATNER
*vs.*
VENTRIS' HEIRS

while in good faith. The court below, decided that the defendants held possession in good faith, up to the 29th of September, 1823, and permitted them to prove the value of the improvements up to that period. The plaintiff then offered testimony, to establish the value of the fruits gathered by the defendants, from the period when it was decided they were in good faith. To the introduction of this testimony, the defendants objected, on the ground that the cause had been remanded for trial, upon a single point, to wit. : to ascertain the value of the improvements put upon the ground. The court sustained the objection, and gave judgment in favour of the defendants, for the value of the improvements. From this judgment the plaintiff appealed.

*Turner* for appellant.    *Morgan* for appellees.

*Porter J.* delivered the opinion of the court.

This case has been already before us. The question which it presented in respect to title was decided, and the cause remanded for an enquiry into the value of the improvements, during the time the defendants were in good faith.

The court below was of opinion that they were so, up to the 29th of September, 1823, at which time the commissioners at St. Helena court-house decided in favour of the plaintiff's title; and in that opinion we concur. Proof was accordingly given of the value of the improvements up to that date.

*Evidence must be received of the value of the fruits from the period when the possessor is ascertained to be in bad faith.*

But on the plaintiff's attempting to establish the value of the fruits, gathered and reaped by the defendants, from the time the good faith ceased, the court, on the objection of the defendants, refused them permission to do so, on the ground that the cause had been remanded for an enquiry into the value of the improvements alone.

The court, in its judgment, said nothing of the fruits, because it was only on the contingency of the defendants being in bad faith (which was yet undecided,) that an enquiry

Eastern District, *January* 1831.

BOATNER
*vs.*
VENTRIS' HEIRS

When the Supreme Court remands a cause on a single point, it demands it also for an enquiry into all the questions which grow out of the decision of that point.

The owner who procures the eviction has a right to elect whether he will pay the value of the materials and the price of the workmanship, or a sum equal to the enhanced value of the soil.

could be gone into in relation to them. The moment that fact was ascertained, the District Court should have received evidence as to their value. They were claimed in the petition, and had not been passed on. When the Supreme Court remands a cause on a single point, it remands it also for an enquiry into all the questions which grow out of the decision of that point.

Two bills of exceptions on record, present substantially the question, whether the possessor who has *bona fide* erected works, &c. on the land of another, has a right to claim the value of the materials and the price of the workmanship, or the sum equal to the enhanced value of the soil. This question is settled by the provisions of our code, which, in express terms, give the choice to the owner who procures the eviction. Consequently the court erred in refusing permission to the plaintiff, to shew whether the property had been enhanced in value at the time final judgment was to be rendered and possession restored.—*La. Code, art.* 500.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that this cause be remanded to the District Court, with directions to the judge not to refuse permission to the plaintiff to prove the value of the fruits from the 29th of September, 1823, nor to shew, whether the property is enhanced in value by the labour of the defendants ; and it is further ordered 'hat the appellee pay the costs of this appeal.