WHITE vs. WOOD.

APPEAL FROM THE COURT OF THE FIRST DISTRICT

Where bills are accepted on the faith of a consignment and the payment of them guarantied by the consignor, the latter is responsible for any deficit which may remain in payment of the bills after deducting the nett proceeds of the consignment; but he is not chargeable with costs which the consignee may have incurred in resisting a suit in relation to charges and expenses upon the consignment.

The facts are stated in the opinion of the court, delivered by Mathews, J.

This action is based on an account in which the plaintiff claims a balance of one thousand six hundred and fifty-six dollars and thirty-nine cents. The whole claim is composed of several items: 1. Nine hundred and thirty-one dollars and thirteen cents, as damage sustained in consequence of the defendant not having complied with engagements made by his firm in relation to one hundred and seventy hogheads of tobacco. 2. Four hundred and seventy-five dollars and twenty-six cents, money paid for the house of Crutcher & Wood, by the plaintiff. 3. Two hundred and fifty dollars, claimed on account of an alleged loss arising from the difference in the price of tobacco at the time a part of the one hundred and seventy hogsheads was sold, being less than it would have produced had it been sent to the plaintiff agreeable to promise, &c. The court below gave judgement for the defendant; from which the plaintiff appealed.

It appears by the facts of the case, that Crutcher & Wood were the endorsers on bills of exchange drawn on the plaintiff and payable in New-Orleans, by one Trotter, of Nashville, in Tennessee, to the amount of five thousand five hundred dollars. These bills they assisted the drawer to negotiate in Tennessee; and the plaintiff accepted and paid them at maturity, under a guarantee of the endorsers, who

advised that they would ship to him one hundred and seventy hogsheads of tobacco. They only sent one hundred and forty-five hogsheads, which were sold by the acceptor of the bills, and produced the nett amount of five thousand four hundred and forty-three dollars and eighty-seven cents. The plaintiff was compelled, by a judgement of the District Court, to pay to one Gordon, the captain of the steamer Brandy-wine, the sum of four hundred and seventy-five dollars and twenty-six cents, which was claimed on account of charges and expenses incurred in relation to part of the tobacco sent to meet the bills for five thousand five hundred dollars.

From the entire transactions between the plaintiff and the commercial house of Crutcher & Wood, as they appear by the evidence of the case, we are of opinion that the latter assumed no binding obligation towards the former, except to refund to him any deficit which might remain in payment of the bills for five thousand five hundred dollars, after deducting the nett proceeds of the tobacco actually sent by them to him for the purpose of meeting those bills. This deficit, according to the account of the acceptor, is fifty-seven dollars and thirteen cents, exclusive of the sum of four hundred and seventy-five dollars and twenty-six cents, which he was forced to pay to Gordon, as above stated. For these two sums, he ought to have judgement in the present case. The costs of the suit wherein he resisted payment to the captain of the steamer Brandywine, should not be taken into consideration, they being a consequence of a risk which he took on himself, and in which the defendant to the present action had no participation; but the principal sum is fairly chargeable to the defendant as it reduced the nett proceeds of the tobacco shipped to meet the bills, the payment of which was guarantied by the firm of Crutcher & Wood.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and annulled; and it is further ordered, adjudged, and decreed, that the plaintiff and appellant do recover from the defendant

EASTERN DIS. June, 1832.

WHITE vs. WOOD.

Where bills are accepted on the faith of a consignment and the payment of them guarantied by the consignor, the latter is responsible for any deficit which may remain in payment of the bills after deducting the nett proceeds of the consignment; but he is not chargeable with costs which the consignee may have incurred in resisting a suit in relation to charges and expenses upon the consignment.

and appellee five hundred and thirty-two dollars and thirty-nine cents, with costs in both courts.

*McCaleb*, for appellant.    *Pierce*, for appellee.