HORACE B. HILL and others *v.* NOAH BARLOW and others.

Prescription is interrupted by a citation to the party in whose favor it is running, to appear before a court of justice on account of the right or claim to which the prescription would apply.   This is called a legal interruption, and it matters not whether the suit be before a court of competent jurisdiction, or not.    C. C. 3482, 3484, 3516.   The party must be cited.  No other means of knowledge of the proceedings instituted against him, though brought home to him, will suffice to operate a legal interruption.  .

Acceptance of service of citation by a curator *ad hoc* appointed to represent an absent defendant, will not interrupt prescription as to the latter.   Art. 177 of the Code of Practice which provides for the waiver, or acknowledgment of service, in writing, under the signature of the defendant or his attorney, on the back of the original petition, does not apply to a curator *ad hoc.*   Such waiver or acknowledgment can only be made by the defendant personally, or by the attorney whom he has employed.

Service of a petition and citation upon a curator *ad hoc*, amounts to a notification of his appointment.   The process must be regularly served, and until then he has no capacity to act, nor can he waive any of the legal proceedings required for the protection of the rights of the absentee he is called upon to defend.

Every law empowering our courts to decide upon the rights of absentees must be strictly construed, and the formalities prescribed exactly followed.

Hill and others v. Barlow and others.

Where things to be done are not merely acts of administration, or such as facilitate such acts, the power must be express and special. Civil Code, 2296.

The exercise of the right of claiming prescription is an act of ownership; and its abandonment is one of alienation, which no agent can exercise, so as to deprive his principal of his right to claim it, without special authority from the latter.

An attorney at law cannot acknowledge a debt, so as to bind his client.

The powers of a curator *ad hoc* must be strictly limited to those conferred by law. They cannot be extended to the performance of any other acts than such as tend to the defence of the rights and interests of the absentee whom he represents. He cannot waive, prospectively, on behalf of his client, the production of legal evidence; nor bind him by agreeing to dispense with the forms of law in taking it. He cannot surrender any lawful means of defence, to the injury of those he represents.

Where the petition alleged that an act of mortgage was intended by both mortgagors and mortgagees to secure to the latter an unjust and illegal preference, plaintiffs will be estopped from averring that the mortgage was unknown to the mortgagees, and not accepted by them.

A mortgage in favor of an absentee, executed and registered by the mortgagor, has its legal effect though not accepted by the mortgagee.

No contract between a debtor and one of his creditors, for the purpose of securing a just debt, though the debtor were insolvent to the knowledge of the creditor, and although the other creditors be injured thereby, can be annulled after one year, reckoning from its date to the time of bringing the suit to avoid it. C. C. 1982.

APPEAL from the District Court of Madison, *Curry*, J.

*Stockton*, for the appellants. The prescription of one year was not completed when service of citation was accepted by the curator *ad hoc*, appointed to represent the bank. This acceptance was as good as actual service by the Sheriff. 4 Mart. N. S. 238, 680. 4 La. 257. 12 La. 596. 13 La. 285. But the prescription of one year is inapplicable to this case, the plaintiffs residing out of this State. Civil Code, arts. 3437, 3442, 3443, 3444, 3507, 3508, 3510, 3511. Code of Practice, art. 593. Being an action for the rescission of a contract, and the plaintiffs being non-residents, this action is only prescribed by ten years. Civil Code, art. 3507. In 2 Mart. N. S. 585, is a decision establishing the law in an analogous case. The mortgage is void for want of acceptance. Civil Code, arts. 1758, 1759, 1764, 1773, 3314. 4 La. 80. 6 La. 218. The Commercial Bank of Natchez, being a foreign corporation, had no authority to take a mortgage on property in this State. 16 La. 439. The mortgage is void on account of the insolvency of the mortgagor, to the knowledge of the mortgagees.

Civil Code, arts. 1976, 1977, 1965.    4 Mart. N. S. 651.     8 Ib
N. S. 462.    10 La. 363.    14 La. 186.    16 La. 369.

*Stacy*, for the defendants.    The action is prescribed by one
year.    Civil Code, art. 1982.    *Petit* v. *His Creditors*, 3 La. 28.
*Caldwell et al.* v. *The Atchafalaya Bank*, 14 La. 308.    The ac-
ceptance of service of citation by the curator *ad hoc*, appointed
to represent the Bank, was illegal, and did not interrupt the pre-
scription.    Civil Code, art. 57.    5 Mart. N. S. 307, 310.    6 Ib.
N. S. 130.    10 Mart. 475.    7 La. 268.    3 La. 203.    17 La. 116.
Art. 177 of the Code of Practice applies only to the defendant, or
the attorney *employed by him ;* not to a curator, *ad hoc*, represent-
ing an absentee, who can neither waive nor admit any thing by
which the rights of the party he represents may be injuriously af-
fected.    Code of Practice, arts. 194, 195, 196.    *Stockton et al.* v.
*Halsuck et al.*, 10 Mart. 472.    4 Mart. N. S. 238.

SIMON, J.    Several creditors of the defendant, Barlow, have
joined in this action, for the purpose of annulling a mortgage given
by him and his wife to the Commercial Bank of Natchez, to se-
cure the payment of a large sum of money, declared in the act to
be due by Barlow to the Bank.    This act of mortgage was passed
on the 13th of March, 1839, before the Judge of the Parish of
Concordia, and was duly recorded in the Parish of Madison, where
the property is situated.

The plaintiffs complain, that Noah Barlow, being, to the know-
ledge of the Commercial Bank, in insolvent circumstances at the
time that the mortgage was executed, consented to give the said
mortgage, with a view to secure to the Bank the payment of a
pre-existing debt due by him to the Bank, a long time anterior to
the date of the mortgage ; that said debtor's insolvency was noto-
rious, and well known to the President, Directors, and Company
of the Bank ; and that the mortgage was intended by both the
mortgagors and mortgagees to secure to the mortgagees an unjust,
illegal, and fraudulent preference over the other creditors of the
said Barlow, &c.

This suit was instituted on the 12th of March, 1840, against
Noah Barlow and his wife only, with a prayer, that as they were
absentees, curators *ad hoc* should be appointed to represent them ;
but the District Judge, by an order signed on the same day on

which the petition was filed, after appointing a curator *ad hoc* to the defendants named in the petition, thought proper to appoint also a curator *ad hoc* to the Commercial Bank of Natchez, ordering that said curators "*be notified thereof by service in due form of law.*" Accordingly, a copy of the petition and citation were served upon the curator *ad hoc*, appointed to Barlow and wife, on the 18th of March, 1840 ; but the curator *ad hoc*, appointed to the Commercial Bank, thought himself authorized to take notice of his appointment before being served with the necessary proceedings, and acknowledged the service thereof at the foot of the petition, on the 13th of March, 1840, as follows : "I accept service of the above petition, and waive the necessity of citation and copy of the petition as the law requires."

The defendants, Barlow and wife, joined issue by denying all the allegations contained in the plaintiffs' petition, except the execution of the act of mortgage, which they allege was made in good faith, and by pleading prescription. The Commercial Bank of Natchez, first appeared by pleading the general issue, and afterwards filed a peremptory exception founded upon the prescription of one year against the plaintiffs' action, alleging that said prescription had fully accrued against the plaintiffs' action, before any issue joined in this suit, and before any legal notice of said suit was ever served on or given to the Bank, and was never legally interrupted, within the year from the date of the registry of the act sought to be set aside. The first answer of the Bank was filed on the 26th of November, 1840, and the plea of prescription on the 17th of May, 1841.

After a full investigation of the facts adduced by the parties in support of their respective pretensions, the Judge, *a quo*, rendered judgment in favor of the plaintiffs against Barlow, liquidating the several sums due by him to each of the plaintiffs, by .virtue of the several judgments declared upon in the petition ; but refused to set aside the act of mortgage complained of, declaring the same to be confirmed and adjudged good and valid. From this judgment, the plaintiffs have appealed.

Several points have been raised by the plaintiffs' counsel, growing out of the evidence in the case, and the law applicable thereto, and he has made strenuous efforts to convince us that this

revocatory action should be maintained, and that the act of mort gage, declared to be good and valid by the lower court, ought to be annulled and set aside ; but from the state of the case, our attention is necessarily first called to the peremptory exception filed by the appellees, founded upon the plea of prescription of one year ; as our opinion upon this point, if favorable to the defendants, will render it unnecessary to examine, or, at least, to express any opinion upon any other of the questions submitted to our consideration.

The appellees' counsel has contended that the curator *ad hoc*, appointed by the court to represent his clients, had no legal right by any *voluntary act*, to waive, abandon, or interrupt the prescription, accruing in favor of the Bank ; that his acceptance of service, or waiver of it, was unauthorized, illegal, and does not bind the Bank, and that the prescription *still* continued to run.

It is, perhaps, proper to remark that, as to the defendants, Barlow and wife, more than one year had elapsed between the date of the act of mortgage complained of, and the service of the citation on the curator *ad hoc*, appointed to represent them. As to them, who are the mortgagors, the prescription had clearly accrued ; and how far such prescription, acquired by one of the parties to the act, can benefit the other party, or preclude the plaintiffs from exercising successfully their revocatory action against both, or maintaining it against one only, is a question which would have been of some importance in this case, had the prescription been legally and unequivocally interrupted as to the mortgagees. As the case stands, however, it will not fall under our examination.

One of the well known rules relative to prescription is, that it becomes interrupted, when the party in favor of whom the time necessary to acquire it is running, *has been cited to appear before a court of justice,* on account of the right or claim to which the prescription would apply. This is called a "legal interruption ;" and it matters not whether the suit has been brought before a court of competent jurisdiction, or not. Civil Code, arts. 3482, 3484, and 3516. It is, therefore, necessary that the party *should be cited ;* and it cannot be controverted, that any other means of knowledge of the proceedings instituted against him, brought home to the party against whom the prescription is sought to be legally

interrupted, would not be sufficient to operate as *a legal interruption* in the true sense of the law. Now, in this case, the Commercial Bank having been made a party to the suit by the appointment of a curator *ad hoc*, said curator acknowledged service of the citation without waiting for the issuing of the process, and for its service upon himself according to law ; but this was the only act which he ever performed in the name of the absent defendants whom he had been appointed to represent, and it was not until the 26th of November following, that said defendants (the Bank) made a voluntary appearance in the suit, and filed an answer signed by counsel regularly employed to defend it. It is said, however, that the acceptance of service by the curator *ad hoc*, amounts to a legal interruption of the prescription of one year, and is binding upon the Bank.

Art. 57 of the Civil Code provides, that " if a suit be instituted against an absentee who has no known agent in the State, the Judge before whom the suit is pending shall appoint a curator *ad hoc*, to defend the absentee in the suit." The same provision exists in arts. 116 and 964 of the Code of Practice ; and the object of the law appears clearly to be, that the interest of the absentee should not be sacrificed in his absence, but that, on the contrary, his rights should be well defended and in the same manner as if he were present. After a curator *ad hoc*, has been appointed to an absent person, the law requires that the petition and citation *should be served* upon him, either by delivery in person, or by leaving them at the usual place of domicil of the curator. Code of Practice, arts. 194, 195. And we are not ready to say that art. 177 of the same code, which provides for the waiver or acknowledgment of service, to be written on the back of the original petition, by the defendant or his attorney, should apply to a curator *ad hoc ;* since, from the terms of the law, it seems that such waiver or acknowledgment is only to be made by the defendant *personally*, or by *the attorney* whom he has employed. The service of the petition upon the curator *ad hoc*, amounts to a notification of his appointment. Until then he has no capacity to act as such ; and it appears to us at least irregular, if not wholly illegal, that he should take notice of his appointment, and bring the absentee before the court, by a simple acknowledgment of the service of the citation,

or by a waiver thereof. This is not one of the modes recognized by law, by which an absentee can be called before a court of justice, to answer to a demand made against him by one of our citizens. The process should be regularly served upon the curator appointed to defend him ; and it seems to us, that the latter cannot waive any of those legal proceedings which are instituted and required for the protection of the rights of the absentee, whom he is called upon by the court to defend. In 10 Mart. 474, this court held, that every law that permits our courts to decide on the rights of those who are absent, should be strictly construed ; and that the formalities which it prescribes in allowing a creditor to pursue his debtor in this way, ought to be exactly followed. If this be correct, and we do not doubt of the correctness of the doctrine, it follows, that the acknowledgment of service made in this case by the curator *ad hoc*, was an illegal act on his part, and that, as such, it cannot prejudice the appellees.

It has been said, however, that the Bank, by the answer filed, recognized its having been made a party to the suit, and entered its appearance in consequence of the waiver, or acknowledgment of service made by the curator. The answer filed on the 26th of November, does not allude in any way to the act of the curator, but only states that the Bank was made a party to the suit. This may also be considered as an allegation made in reference to the order of the Judge ; and at any rate, we cannot consider the appearance of the appellee, in any other light than as a voluntary one, and for the purpose of litigating and settling in one and the same suit, the rights which the Bank had acquired, under the act of mortgage, to the property which the plaintiffs were seeking to apply to the satisfaction of their judgments against the original defendants.

But is it true, in supposing that the curator, *ad hoc*, could take notice of his appointment by waiving the service of the petition, that he could legally waive the service of the citation, or acknowledge such service, so as to cause a legal interruption of the prescription which was on the eve of expiring, and of being acquired by his clients ? Is it true, that he could thereby renounce one of the most important rights of the party whom he was appointed to defend ? This question, in our opinion, must be answered nega-

tively.   In matters of agency, the law says, that in general, *where things to be done are not merely acts of administration, or such as facilitate such acts, the power must be express and special.*   Civil Code, art. 2966.   Prescription is a legal right granted by law for the purpose of acquiring property, or of being liberated from a debt by the lapse of time.   The exercise of the right, or its abandonment, is not a mere act of administration.   When exercised, it is an act of absolute ownership, used as a title to the property, or as a bar to the action of the creditor; and when waived, it is an act of alienation, which no agent can do so as to have the effect of depriving his principal of the exercise of the right, without special authority from him to do so.   So, in 3 La. 203, it is held, that attorneys at law, as such, have not the power of acknowledging a debt; and it is well known, *that the acknowledgment of a debt is one of the modes of interrupting prescription.*   Civil Code, art. 2517.   The curator *ad hoc*, cannot have a more extensive authority than an attorney at law employed by the party, particularly as the former is often-times unknown to the absentee whom he is appointed to defend.   We think, that on the contrary, his powers should be restricted, and strictly limited to those allowed by law, and that they should not be extended to performing any other acts, but those tending to defend the rights and interest of the absentee whom he represents.   So, in 13 La. 284, we held, that a curator *ad' hoc*, has no capacity or authority to waive, prospectively, in behalf of his client, the production of legal evidence; and that he cannot bind him, by agreeing to dispense with the forms required by law in taking evidence.   In 17 La. 117, it was decided, that a person appointed by a court, to defend the rights of absentees in a suit against them, ought not to be permitted to surrender any lawful means of defence on their part, to the injury of those whom he represents.   And in this case, we must come to the conclusion, that the curator *ad hoc*, had no authority to waive the service of the citation, and, by his voluntary act, to cause a legal interruption of the prescription set up as a peremptory exception by the appellees.

It has been further urged, that the prescription in this case cannot be taken as having run from the date, or recording of the act of mortgage, because said act has never been accepted by the

Bank ; and that the time should only take effect and be counted from the date of the acceptance, to wit, the filing of the defendant's answer ; as before then, the Bank had never expressed any intention to accept the mortgage. This objection cannot avail the plaintiffs. The allegations of their petition are directed against the act of mortgage, as if it had been duly and regularly accepted at the date of the act by the mortgagees. It is stated therein, that said mortgage *was intended by both mortgagors and mortgagees* to secure to the mortgagees an unjust, illegal, and fraudulent preference, &c. These allegations clearly mean, that the mortgagees participated in the execution of the mortgage ; that they were present when it was so executed ; and that the fraud complained of was committed by both parties to the act. If so, the mortgage must have been accepted ; and it does not lie in the mouth of the plaintiffs to say now, that the act of mortgage was unknown to the Bank, and thereby to gainsay the allegations upon which their action is necessarily based. But however it may be as to the effect of those allegations, we think, that the want of acceptance in this case cannot prejudice the appellees, as it is well settled in our jurisprudence, that a mortgage in favor of an absent person, executed and registered by the mortgagor, (here the mortgagees are absent, and the act was recorded by the mortgagor,) has its legal effect, although not accepted by the mortgagee. 2 La. 552. See also, 2 Mart. N. S. 672, and 3 Ib. N. S. 607.

With this view of the question of prescription, we think, that the peremtory exception filed by the appellees must prevail. The petition contains no other cause of nullity than an undue preference intended to be given by Barlow to the Bank. In such case, the action is prescribed by one year, reckoning from the date of the contract sought to be set aside. Civil Code, art. 1982. 3 La. 28. 14 Ib. 308. We conclude, that the appellees are entitled to the full benefit of the exception, notwithstanding the unauthorized acknowledgment of service of the citation, made in their names by the curator *ad hoc*, who had been appointed by the court to defend them.

*Judgment affirmed.*