Simon, J.
The object of this action is to recover of the defendants, who are absentees, the amount of three promissory notes, which are tl'egod in the petition to have been giveu in *541 consequence of a certain contract made with their agent, for the purpose of making and building a levée on a tract of land belonging to E. A. Beatty, situated in the parish of Pointe Coupée. The notes sued on purport to have been signed by ’William Beatty, acting as the agent of the defendants, are made payable to the plaintiff, and amount together to the sum of $1291 98, to be paid on the first January, 1843.
On the application of the plaintiff, William Beatty, through whom the contract and notes sued on appear to have been executed in the name, and as the agent of the defendants, was appointed curator, ad hoc, to represent and defend them in this action. No citation was served upon him, and he entered his appearance in his capacity of curator, ad hoc, by filing his answer and pleading the general issue.
Judgment was rendered below, in favor of the plaintiff, against the defendant E. A. Beatty, for the sum of $1000, upon a verbal agreement of the counsel of both parties in court, that it should be rendered for that amount, and execution stayed upon it until three months from the date thereof; and from this judgment the defendant E. A. Beatty has appealed.
It appears from the statement of facts, that the only evidence introduced by the plaintiff in support of his demand, was a contract, under private signature, between William Beatty as agent, and the plaintiff; a procSs-verbal or report signed Alex. Audrey, Syndic of Roads and Levées, for the first section, first district, of the parish of Pointe Coupée ; and the three notes sued on, executed by William Beatty, as agent of the defendants. Nothing else was proved, and judgment was rendered against the defendant E. A. Beatty, without its having been shown that William Beatty was ever authorized to act as the agent of the defendants, and to bind them by the contract and notes by him executed in their names. It is true, the judgment appealed from was rendered with the consent of the curator, ad hoc; but could the curator give any consent to bind those whom it was his duty to defend ?
It is now well settled in our jurisprudence, that until regular process is served upon the curator, ad hoc, he has no capacity to act as such; that he cannot waive any of the legal proceedings *542 required for the protection of the rights of the absentee he is called upon to defend ; that his powers must-be strictly limited to those conferred by law; that they cannot be extended to the performance of any other acts than such as tend to the defence of the rights and interests of the absentee whom he represents; that he cannot waive, prospectively, on behalf of his client, the production of legal evidence, nor bind him by agreeing to dispense with the forms of the law in taking it; that he cannot surrender any lawful means of defence, to the injury of the absentee whom he represents; that attorneys at law have not the power to acknowledge debts claimed against their clients, and, a for-tiori, a curator, ad hoc, whose authority is not greater than that allowed to the attorneys employed by the party ; and that, as a general and fixed rule, a curator, ad hoc, cannot be permitted to waive any of the legal rights of the party he is charged to represent and defend. 10 Mart. 474. 3 La. 203. 13 Ib. 284. 17 Ib. 117. Hill et al. v. Barlow et al. 6 Rob. 142. Hyde et al. v. Craddick, 10 Ib. 387. And Kræutler el al. v. The Bank of the United States, ante, 456. Here, therefore, it is clear, that the proceedings had in this suit, from the day of the appointment of the curator, ad hoc, are irregular and illegal; that said curator, not having been cited, had no right to appear for the absentees ; that he could not waive the production of the legal evidence upon which the plaintiff’s claim is based ; that he could not consent to the rendering of any judgment against said absentees for the amount claimed, nor any part thereof; and that all said proceedings and the judgment appealed from, are mere nullities.
This action, however, appears to have been properly instituted ; and the order appointing a curator, ad hoc, to the absent defendants was legally rendered. We think, that although the subsequent proceedings were irregular and illegal, this suit ought not to be dismissed; but that justice requires it should be remanded to the lower court, to be re-instated on its docket as a suit newly commenced, to be proceeded, in according to law.
With regard to the plea of res judicata, filed in this court by the appellee, it cannot be noticed. It is true, it is one of those peremptory exceptions which may be pleaded at any period of a cause ; but nothing has been shown to substantiate il, and the proof of *543 it does not appear by the mere examination of the record. Code of Pract. art. 902.
Cooley, for the plaintiff.
Cáeoste, for the appellant.
It is, therefore, ordered and decreed, that the judgment of the District Court, be annulled; and it is further ordered and decreed, that this cause be remanded to the inferior tribunal to be re-instated on its docket as a suit newly commenced, to be proceeded in according to law ; the costs in the lower court from the filing of the answer of the curator, ad hoc, and those in this court, to be borne by the plaintiff and appellee.