## Jacobs et al. *v.* Sartorius et al.

A statement in the return of a sheriff that "he served copies of the petition and citation on defendants, through S., their agent," is not evidence of the agency; and where there is no allegation in the petition, nor evidence in the record, that the person on whom the service was made was agent of the defendant, plaintiff must be non-suited.

An omission to serve the petition and citation on the defendant is not cured by service of a writ of arrest; nor can the appearance of the defendant, by counsel, on a motion to set aside the arrest, be considered a waiver of service of citation and petition, nor as authorising the presumption of an acknowledgment of such service.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. Micou,* for the plaintiffs. *Prentiss* and *Finney,* for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The defendant, *Sartorius,* was arrested and held to bail, on the 9th October, 1846. On the 12th of October the petition and citation were served on one *Stadteker,* as appears by the return of the sheriff, that he "served copies of petition and citation on defendants, through *Mr. Stadteker,* their agent." On the 12th of October a rule was taken by counsel, on behalf of *Sartorius,* to show cause why the order of arrest should not be set aside, which application, after hearing, was overruled. Judgment by default was afterwards taken and confirmed. *Sartorius* has appealed, and assigned for error that the judgment is null and void, because no service of petition and citation was made.

There is no allegation in the petition, nor evidence in the record, that *Stadteker* was the agent of the defendant, authorised to receive for him service of petition and citation. The return of the sheriff cannot be considered evidence of such an agency. *Fortier* v. *Field,* 17 La. 587. The case therefore stands before us as that of a judgment rendered without service of petition and citation. This is required by the Code of Practice, and its omission is not cured by the service of the writ of arrest. This point has been so repeatedly held, that it cannot now be disputed. See *Wall* v. *Wilson,* 4 La. 171. *Slocomb* v. *Boswell,* 13 La. 10. *Zacharie* v. *Blondin,* 4 La. 156. The appearance of the defendant by counsel, in a motion to set aside the arrest, cannot be deemed a waiver of service of citation and of a copy of the petition, nor as authorising the presumption of an acknowledgment of such service.

The plaintiff asks that the cause be remanded to enable him to have a proper service made. The defendant, on the contrary, insists upon a dismissal of the suit, and we think, under the precedents cited, he is entitled to such a decree.

It is therefore decreed that the judgment of the court below be reversed, and that the suit be dismissed, as in case of non-suit, the plaintiff paying costs in both courts.