## O. G. MOULTON v. J. T. HODGES.

Where the petition and notes annexed had disappeared from the Record and could not be found after diligent search, the case was properly tried on a copy of the petition filed under an order of court contradictorily rendered.

Where consent is the basis of a judgment it must appear before the appellate court by proof independent of the judgment itself.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.
*W. L. Pitts*, for plaintiff. *T. J. Semmes*, for defendant aud appellant.

BUCHANAN, J. This is a suit upon several promissory notes of defendant in favor of plaintiff, which were annexed and made part of the petition.

The answer specially denies the signatures of the notes.

In the interval between the service of petition and citation, and the filing of the answer, the petition and notes annexed disappeared from the Record and have never since been found, although diligent search was made for them. Advertisements of the loss of the notes were also inserted in a newspaper of this city.

The case was tried in presence of both parties by counsel, upon a copy of the petition, which had been filed under an order of court contradictorily rendered; and judgment was rendered in favor of plaintiff for the amount due upon the notes as set forth in the petition, with five per cent interest from judicial demand; which judgment was amended the next day "the counsel for defendant being present in court and consenting thereto (as is stated in the minute of judgment) by increasing the rate of interest to six per cent. and allowing the same from maturity of the notes.

Defendant appeals.

Plaintiff's case is made out by the testimony of Messrs. Pitts and Lathrop, as to a conversation between plaintiff and defendant, at which those witnesses were present. The loss of the notes is proved by the direct testimony of the two clerks of the court, *Weysham* and *Hopkins*. C. C. 2258. The next question is as to the authority of the counsel of defendant to consent to the amendment of the judgment originally rendered. Upon this point, the appellant refers us to the case of *Broussard* v. *Broussard*, 19th La., 354. That was a much stronger case than this. The judgment rendered on the very day the petition was filed, mentioned that it was rendered *by consent of parties*. In the language of the Supreme Court through its organ Judge Morphy—"From the proceedings exhibited in the Record it does not appear that the defendant has ever been a party to them. He never appeared in court by filing any plea, exception or answer, nor does he appear to have been cited. No judgment can be rendered without citation to the party, and without a *contestatio litis*, resulting either from an answer, or from a judgment by default." In these respects, this case is certainly different from that of *Broussard* v. *Broussard*; for the present Record shows a personal service of citation, a judgment by default, an appearance to set aside default, and an answer filed for defendant. But the general remarks contained in the case of *Broussard* v. *Broussard*, and which follow the above quotation, apply to this case. Judge Morphy proceeds: "We have often held that this court cannot receive as proper evidence for their consideration anything which the Judge states in his judgment to have been proven. An admission of material facts could not be proved by any mention in the Judge's opinion of its being made. And what is a consent that a judgment be rendered, but an admission of all the facts necessary to make out the plaintiff's case? This consent, which is the basis of the judgment, must appear before us, by proof independent of the judgment itself, when the party prays for relief from this court; otherwise the bare mention of such consent in the opinion of the Judge of the first instance would conclude the suitors before him and deprive them of the privilege of litigating their rights in this tribunal; as no appeal lies from a judgment rendered by consent or on the confession of a party." See also 3d La., 203; 19th La., 84; 6 Rob., 149.

The consent of counsel to amend this judgment appears to have been made with the view of dispensing with an application for a new trial on the part of plaintiff; for the petition asked for six per cent. from the maturity of the notes. We are therefore to inquire whether the plaintiff would have been entitled to that interest upon an application for a new trial, upon the law and the evidence in the Record, and independently of the consent of defendant's counsel.

The petition does not declare in what State the notes sued upon were made, further than this may be inferred from the allegation that defendant was a resident of the State of Mississippi. And there is no evidence in the Record of the

MOULTON
*v.*
HODGES.

legal rate of interest upon said notes at the place where they were made Under the pleadings and evidence, then, the original judgment seems to have been the proper one in relation to the interest.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; and that plaintiff's widow and heirs, made parties hereto, recover of defendant, *John T. Hodges*, five hundred and thirty-six dollars and thirteen cents, with interest at the rate of five per centum per annum from the 20th February 1851 until paid, and costs of the District Court; those of appeal to be paid by the appellees.