## No. 7398.

## LAMKIN & EGGLESTON VS. MAXWELL & GOODMAN.

A mortgage, signed by the mortgagor alone and recorded at his instance, will be good against subsequent mortgagees if the first mortgagee be a non-resident of the State.

A mortgage upon a lot of ground to which the mortgagor had no title, and upon which he was building or had built a house by permission of the owner, conveys no rights.

Certainly it cannot prevail against one who had a prior mortgage upon same lot by same party, who had thereafter bought the house from him and the lot from the owner of it.

APPEAL from the District Court for Madison.    HOUGH, J.

*Farrar & Spencer* for Plaintiffs Appellants.    *Seale & Morrison* for Defendants Appellants,

Thomas J. Morrison in 1874 mortgaged a house and lot in Tallulah to the plaintiffs, and in 1875 to the defendants, both of which were recorded.    The lot belonged to his mother and aunt.    The house had been built by him upon it with their permission.    It was a shop or store.    In 1876 he sold the house to the plaintiffs, and shortly thereafter the mother and aunt sold the lot to them.    The plaintiffs let the premises and their tenant being in possession, the defendants took process to foreclose their mortgage and the plaintiffs injoined. The judgment below dissolved the injunction and ordered a sale, the two sets of mortgage creditors to be paid in the order of their rank.    Both appealed.

The plaintiffs live in Vicksburg.    They had not accepted the mortgage by signing, nor had any agent or attorney signed it for them, but it was given to their knowledge and at their request, and Morrison had it recorded for them.

MARR, J.    The plaintiffs were absentees and it was decided in Allain *v.* Millandon, 2 La. 552, and in Hill *v.* Barton, 6 Rob. 150, that a mortgage, executed and recorded by the mortgagor in favor of an absentee, and not accepted by him, takes rank over a subsequent mortgage.    Inquiry into the rank of these mortgages is useless The title never for a moment vested in Morrison, and the mortgages

were without effect. The plaintiffs bought the house of him and thereby acquired any right he had to it, and they acquired the lot from its owners, together with any rights they may have had to the house.

*Judgment reversed and injunction perpetuated.*