BREAUX, C. J.
This is a contention over the proceeds of a sheriff’s sale by a lessor on the one hand and judgment creditors of the lessee on the other. The lessor claiming the proceeds was Mrs. John Gauche. The two creditors, who claim a superior right, were B. R. Forman, a judgment creditor with a privilege claim, and A. Storrs and Bemenj; & Co. The latter also had a judgment
The property sold consisted of a printing office outfit and other movables. They brought the sum of $1,309.75, amount of adjudication to B. R. Forman, less $13.05, amount of property sold to another bidder.
The whole proceeds of the sale were not enough in amount to pay the judgment creditors, Forman and others.
The sale was made on the 11th day of June, 1893. On the 26th of July, after this sale, and after the property had been delivered to B. R. Forman, Mrs. Gauche commenced proceedings by rule against the following named persons, whom, she said, were her tenants, to wit: Mrs. Georgiana Marchand, widow of the late Ernest Marchand, individually, and ■as natural tutrix of her minor children, and P. E. Marchand. She alleged that they were indebted to her in the sum of $720 for rent of premises No. 110 Chartres street, for 16 months. She alleged that she had obtained two judgments of $90 each for part of these rents which were included in a larger sum of $720 due her as lessor. She claimed a lessor’s lien on the property sold, and she moved that P. E. Marchand, Georgiana Merveaux, and B. R. Forman show cause why they should not pay to the sheriff a sufficient amount to satisfy her claim and costs.
Service of the rule before mentioned was accepted by B. R. Forman personally. He afterward agreed that:
“This rule should be regarded as a direct action and a provisional seizure issued the'day following the day that the property was seized, but before the removal of any of the property from the premises before mentioned. He further agreed that the mover was to have the right to assert any and all legal rights and privileges upon the trial of this rule. The same that she would have had had she proceeded by provisional seizure or in any other proceedings taken on said date, the said Forman not waiving, however, any legal right nor the question whether or not the lessor had lost her lien *210 and privilege by reason of the sheriff’s sale; the understanding being that the lessor, shall have by rule any remedy to which she would ■at that date have been entitled.”
The rule to which reference has heretofore been made does not seem to have been carefully written. Its suggestions incompletely ■set forth the rights of plaintiff in rule. The asserted service of this rule is unique and ■exceptional. The sheriff was not made a party to the rule, nor the creditors of equal and concurrent right with Forman; i. e., Storrs, Bement & Co.
The plaintiff in rule sought to implead only Forman and the Marehands. We are informed by the statement of the district judge in his written opinion for judgment, that no ■order of the court had authorized this rule, ■and as to service, it was limited to a partial •statement as follows:
“It is ordered that B. R. Forman, Paul E. Marehand, Mrs. Georgiana Merveaux, widow ■of Ernest Marehand, individually, and as tutrix of her minor children, and Ernest Marehand, •Jr., show cause on the 1st day of May, 1893, why he should not pay into the hands of the sheriff or into the mover’s hands a sufficient amount ■of the price of the movable property contained in No. 110 Chartres street, adjudicated to him to satisfy mover’s claim.”
The debtors of Mrs. Gauche were the late P. and E. Marehand. The nature of the right ■of Mrs. Gauche, plaintiff in rule, is not set forth. She does not show that the parties named in the rule are at all concerned. As to the widow of E. Marehand, she never accepted the succession nor is it alleged why it is that she is liable.
We have noted that this rule was served days after the sale of the 11th of June. On appeal there was no evidence of this rule before the court of appeal.
That court remanded the case, with direction to hear proof regarding the rule filed, and to which we have before referred, and to try the case de novo.
A direction with which the judge of the district court complied. The original rule was found after the case had been remanded. It is now in evidence and shows the state of facts before mentioned.
When the case came up for trial the last time before the district court, Mr. Forman filed the following objection to the trial of the case:
“In this matter, the rule which was filed on July 26, 1893, having been read to the court, the counsel for B. R. Forman, one of the defendants in rule, objects to any further proceedings in this court, on the ground that the judgment, which was rendered herein on April 24, 1894, and signed on May 3d, discharging said rule, is in full force and effect, and has never been reversed or set aside by this court or any court of appeal.”
In passing upon the motion just copied above, the district court made the following ruling:
“Since the adjournment, I have examined the record and the opinion of the court of appeal and have considered with much thought the objection raised to further proceedings herein.
“The court of appeal has remanded the case, it seems from the decree itself, for the specific purpose of finding out the relation of a certain pleading or rule in the case. The point taken in argument by Mr. Hart, counsel, that my judgment has never been set aside looks to be well taken, but I am going to leave that to the court of appeal to decide.
“Taking their opinion, to throw what light it can upon the decree itself, I felt, out of regard to that tribunal, I had better resolve the doubt against myself. I, therefore, overrule the objection made on March 16th by counsel for Mr. B. R. Forman, and will hear the case de novo.”
Tbe court’s ruling as shown by tbeforegoing was correct.
The cause was properly heard de novo and the district court held that the pleas of 3 and 10 years’ prescription were good and sustained them.
On the last appeal from the last judgment of the district court, the court of appeal held ■Jhat there had been no interruption of prescription ; that the Marehands, who were the persons indebted to Mrs. Gauche, had never been cited or judicially notified of her claim ; that it followed that, her claim against the Marehands being prescribed, it was also prescribed in so far as the parties in interest here, Forman and others, were concerned.
*212 Prom that judgment, Mrs. Gauche sought relief under the supervisory jurisdiction of this court. She obtained an order nisi. The return to it is now before us for consideration and decision.
The many years that have elapsed since this suit was instituted, and the frequent handling of the papers have brought about a state of confusion, rendering careful examination essential, in order to get at the true facts. In the early stages, the pleadings were incomplete, and the agreements entered into are equally as unsatisfactory in seeking to arrive at a correct solution of the issues. The wear of time and the loss of papers have not by any means improved the situation.
We may as well now state that the judgments of Mrs. Gauche of $90 each, referred to in our statement of facts (as representing part of the amount which applicant claims) are prescribed. Over 10 years had elapsed when the plea setting up that prescription was filed in the district court; . no suit was ever brought to revive these judgments and they were never directly acknowledged in such a manner by the judgment debtors as to take them out of the bar of prescription.
Creditors with .equal right to that of B. R. Porman, that is Storrs, Bement & Co., seized the property involved at the same time as he, Porman, seized. They collected their proportion of the proceeds. After these many years (over 10 years), Storrs, Bement & Co. cannot be made to restitute an amount that they have received from the proceeds of a sale made at their instance, in part, under a fi. fa., in executing a valid judgment.
The lessor, Mrs. Gauche, stood by and did not make the sheriff a party; remained silent while the property was sold and delivered under this fi. fa. to the purchaser. As a claimant against these creditors, she has no ground upon which .to stand to contest their right. The law favors the vigilant, is a trite expression. It does not hold out a helping hand to those who neglect to avail themselves of the opportunity offered to-assert their right.
Over 10 years have elapsed and not the-least demand has ever been made against Storrs, Bement & Co.
We take up the claim of Mrs. Gauche against Mr. Porman, the last and serious branch of the case.
At first blush, the agreement copied in our statement of the facts, as a matter of law, militates somewhat against the position taken by this opponent^ B. R. Porman, to-Mrs. Gauche’s claim. Agreements of this-character are of binding effect.
But, conceding all that is claimed under this agreement by counsel for Mrs. Gauche, it still remains that the Marchands have-never been cited. There never was a citation and service made to interrupt prescription.
The rule such as it was was never served;only an excerpt therefrom was served.
It sought to make “Paul E. Marehand, Mrs. Georgiana Merveaux, widow of Ernest Marehand, individually, and as tutrix of her' minor children, and Ernest Marehand, Jr.,” named in the rule, “show cause on the 1st' day of August, 1893, why (he) should not pay into the hands of the sheriff or into the-mover’s hands a sufficient amount of the-price of the movable property contained in No. 110 Chartres street, adjudicated to him to satisfy mover’s claim for rent with interest, attorneys’ fees, and costs.”
Our brother of the district court, who heard the trial, says, referring to this rule, that it appears that the mover -never cited the Marchands and her tenants, Paul E. and E. Marehand; that not only she did not cite the Marchands named in the rule, but-did not have served on them that part of the rule which alleges the liability for rent. No-cause of action was alleged and no judgment asked.
“It seems to me,” says the learned judge, “that service of a copy of the prayer of the *214 rule which prayed for no judgment against them, without service of all the declaration of the cause of action, or averments of indebtedness, alleged in the rule, did not interrupt the current of prescription,” citing Hill v. Barlow, 6 Rob. 142; Grayson v. Mayo, 2 La. Ann. 927; Boatner v. Ventriss’ Heirs, 2 La. 172; Zacharie v. Blandin, 4 La. 154; Slocumb v. Bowie, 13 La. 11; Caldwell v. Glenn, 6 Rob. 9; Jacobs v. Sartorius, 3 La. Ann. 9.
This was substantially affirmed by our brothers of the Court of Appeal.
Counsel for Mrs. Gauche in substance urge that the res proceeded against is still in gremio legis.
It was shown without objection that a few days after the sale the property was delivered to the adjudicatee, Forman.
The writ of fi. fa. was returned. The agreement with B. R. Forman, invoked by Mrs. Gauche, was signed after the sale, and is not binding upon the Marchands. It interrupted no prescription as to them. The claim being prescribed as to the Marchands, Mrs. Gauche has no right of action against Forman, who was not her debtor. In order to retain her right to contest the preference he claimed over the proceeds, it devolved-upon her to retain her right impaired against her debtors the Marchands.
We have before stated, prescription of 10' years is fatal to the judgment obtained by Mrs. John Gauche.
There were two judgments rendered in her' favor for rent.
The last was for $90 for the months of January and February, 1893, and for $43 per' month during the pending of the litigation,- and until possession is delivered.
If the testimony of Paul Marchand is to* be taken as affecting the interests of parties other than himself in a suit in which he was not a party, he testified that all rent was paid to March or April, 1893. See copy of testimony taken on January 29, 1894.
As he was not a party to that suit, his-acknowledgment touching the rent would-not interrupt prescription. It was not a judicial admission by a party to the suit; besides it did not have the effect of forever' interrupting prescription.
Over three years have elapsed and bar all-claims for rent.
The writ nisi issued in this case is discharged, and applicant’s petition dismissed.-