EASTERN DIST.
December, 1838.

SLOCOMB ET AL. *vs.* BOWIE ET AL.

SLOCOMB ET AL.
*vs.*
BOWIE ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where a non-resident is held to bail, but leaves the state before *service of the petition* is made on him, the suit will be dismissed.

Service of both citation and *petition* is necessary to bring a party into court to answer; which is not waived by the defendants' exception, pleading a *misnomer*.

This is an action against the drawers of a bill of exchange for one thousand three hundred and ninety-three dollars. The plaintiffs are the payees and holders thereof.

The defendants reside in the state of Arkansas. John J. Bowie, one of the drawers of said bill, was arrested in New-Orleans, at the suit of the plaintiffs, and held to bail. Before any service of petition was made on him, he left the state.

His counsel appeared and filed two exceptions; that he was not properly named in the writ of arrest, and that no copy of the petition had been served on him; and prayed that the suit be dismissed.

These exceptions were overruled, and an answer containing a general denial put in on the merits.

Judgment was finally rendered against all the defendants, as commercial partners *in solido*, for the amount of the sum claimed. The defendant, J. J. Bowie, appealed.

*Ives*, for the appellant, relied on the cases in 2 *Louisiana Reports*, 170, and 4 *ibid*, 154, in support of his exceptions, that for want of service of the petition on the defendant, the suit must be dismissed.

*Clark, contra.*

*Carleton, J.,* delivered the opinion of the court.

The defendant, John J. Bowie, was arrested and held to bail at the suit of the plaintiffs, on the 21st January, 1837, and served with citation and a copy of the affidavit upon

EASTERN DIST.
*December,* 1838.

SLOCOMB ET AL.
*vs.*
BOWIE ET AL.

which the order of arrest was granted ; but it does not appear that a copy of the petition was ever served upon him, he having left the city on the same day for Arkansas, the place of his residence.

His counsel, on the 27th of the same month, prayed for the dismissal of the petition and rescission of the order of arrest, on filing the following exceptions, viz :

1. Said petition does not set forth the name and residence of John J. Bowie, as required by law ; that his name is not J. J. Bowie.

2. No copy of said petition has ever been served upon said John J. Bowie.

The court overruled the exceptions, and the defendant, John J. Bowie, having plead the general issue, judgment was thereupon rendered against all the defendants, and he appealed.

We think the court erred in overruling the second exception ; for it is a positive provision of law, and a plain dictate of justice, that the defendant should be fully apprised of the cause of action set up by the plaintiff, which cannot be done but by service of a copy of the petition. *Code of Practice, article* 178.

*Where a non-resident is held to bail, but leaves the state before service of the petition is made on him, the suit will be dismissed.*

The same point was long ago settled by this court in the case of *Wall* vs. *Wilson,* 2 *Louisiana Reports,* 170, and also in the case of *Zacharie* vs. *Blandin,* 4 *Louisiana Reports,* 154.

But plaintiffs' counsel insists, that the defendants, by pleading a misnomer, in the first exception, has waived the objection taken in the second. We think differently. Both exceptions were filed at the same time, and it cannot be material which of them was first written on the same paper upon which both are spread.

*Service of both the citation and petition is necessary to bring a party into court to answer, which is not waived by the defendants' exception, pleading a misnomer.*

Being of opinion that the petition ought to be dismissed, we forbear to examine any other point raised in the cause.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be avoided and reversed, that the petition be dismissed, the plaintiff and appellee paying costs in both courts.