SimoN, J.
This case was once before us on one of the grounds set up by the defendants for dissolving the attachment by which the suit was commenced. We reversed the judgment of the lower court, sustaining the said ground, and being of opinion that the plaintiff should be allowed the opportunity of proving that the person who made the affidavit, and executed the bond for him, for the purpose of obtaining the attachment, had his authority to do so. We remanded this case for further proceedings according to law. See 3 Robinson, 271.
On the return of our mandate to the inferior court, the second ground for dissolving the attachment, to wit, that no affidavit or bond has ever been made or signed by the plaintiff personally, or by his duly authorized agent or attorney in fact, in the manner prescribed by law, was taken up, and written evidence was produced to show the power under which the affidavit was made, and the bond executed, and to establish a ratification by the plaintiff of the acts of his agent, or negotiorum gestor ; and the motion to set the attachment aside was overruled by the Judge, a quo.
The defendants answered to the merits of the action, pretending, mainly, that although the note sued on has been transferred to the plaintiff, it was so transferred after maturity, and in the state of Mississippi, and with a full knowledge, on his part, of the failure of the consideration. They set up the reasons why *222 the said consideration has failed ; plead the existence of a bond stipulating a penalty by the plaintiff’s transferror in the sum of ten thousand dollars, as a security for the title to the property for the price of which the note sued on was partly given ; allege that their vendor had no title to said property at the time of the sale, and that the bond is forfeited in their favor ; they call their said vendor in the suit, and pray for a diminution of the price to the amount of $25,000, and that the note sued on be ordered to be received by defendants, as a part payment of the said deduction and diminution, and be delivered up to them accordingly.
The Judge, a quo, after an investigation of the merits of this case, being of opinion that the plea of payment or compensation set up in the answer had been legally established, ordered the note sued on to be compensated with the bond to an amount thereof sufficient to extinguish said note; and from this judgment, after a vain attempt to obtain a new trial, the plaintiff has appealed.
The first object of our inquiry is, whether the authority of the person who took the oath, and signed the attachment bond for the plaintiff, has been sufficiently established; and, therefore, whether the court, a qua, erred in overruling the defendant’s motion to dissolve said attachment?
The attachment was granted upon the oath of one E. H. Shepherd, who also subscribed the attachment bond, styling himself the agent of William B. Grove ; and, in order to prove that he was duly authorized to take said oath, and to bind his principal in the bond, an instrument in writing, purporting to have been signed and acknowledged by Grove, before three witnesses, and to have been proved under oath, by two of the subscribing witnesses, before the clerk of the court of Haywood county, state of Tennessee, was produced, but was objected to by the defendant’s counsel, on the ground that the signature of Grove to said document was not legally proved to be genuine, and that the same was not passed and authenticated in the manner required by law to make it an authentic act, &c. The Judge, a quo, admitted it in evidence, and the defendants took a bill of exceptions to his opinion. ’
It is not our purpose to examine whether the document ob *223 jected to was properly received in evidence, or not. For the sake of argument upon its effect, we shall admit that it was sufficiently proved to be genuine, and that it was duly authenticated ; as, under the view we have taken of its bearing upon the case, we think it more advisable, and more proper, that we should at once express our opinion upon its legal effect upon the rights of the parties in whose favor and against whom the attachment has been obtained and issued.
The instrument under consideration first recites, that William B. Grove recognizes and acknowledges Egbert H. Shepherd to have been his true and lawful attorney in fact, and agent to transact any and all business in his name, during the last five years in the State of Louisiana; at his discretion to sue or be sued, employ counsel, appoint agents or attorneys, one or more, and to revoke the same at his pleasure, and to act in all matters in which he, the plaintiff, may be concerned in said State as fully as he could do, or could have done in person. He further goes on to say : “ I do more particularly recognize his authority as my agent and attorney in fact, to bring a certain suit sometime pending in the District Court of the parish of Madison, State of Louisiana, in which I, William B. Grove, was plaintiff, and one William Harvey, defendant, which was commenced by attachment, on the 25th day of September, 1840; hereby acknowledging that said Shepherd had full authority from me at the lime said suit was brought, to institute, support, and carry on the same, and to make all necessary affidavits as my agent, in executing the attachment, bond, and to do all things, &c.” This act was executed on the 12th of November, 1842.
It is clear, that Shepherd, at the time of the institution of this suit, and of the granting of the attachment, 25th of February, 1840, had no sufficient authority from the person in whose name he acted as agent, to bind him on the attachment bond ; he did it as his negotiorum gestor ; and the object of the evidence was to show a ratification of his acts on the part of his principal, more than two years and six months after the unauthorized attachment had had its effect. This ratification was executed after the filing of the defendants’ motion to set aside the proceedings had on the attachment, after the judgment of this court had passed *224 upon one of the grounds of dissolution, and was not even in existence at the time the plaintiff complained before us, that he had been prevented from proving the authority of the person who had acted for him. It is also worthy of notice, that the attachment suit alluded to in the act of ratification, is therein recited to have been instituted on the 25th of September, 1840, whilst the present suit was brought on the 25th of February, 1840. This would be insufficient in itself to protect and cover the acts of the agent in this case, as, although it may have been inserted through error, the description of the suit does not correspond with the act intended to be .ratified ; and the principal, would, perhaps, have a right to set up as his defence, if a suit was to be brought against him for damages on the attachment bond, that he never intended to ratify the signing of a bond for him more than six months before. Be this as it may, the question at issue on this point is, can the plaintiff’s ratification have a retroactive effect, so as to give validity to proceedings originally invalid? Or, rather, does the rule, “ Omnis ratihabitio retrotrahitur, et mandato priori CEquiparatu,r,” apply to this case ? .
It is first necessary to premise, that according to the terms and true spirit of our attachment laws, it is required, that before the defendant is dispossessed and deprived of the use of the property upon which the attachment is to be levied, the plaintiff should give a bond, as a security for the payment of such damages as the defendant may recover against him, in case it should be decided that the attachment was wrongfully obtained. Code of Pract. art. 245. The bond, it is true, is prospective in its operation; but being given as a security against the consequences of a proceeding which is to have an immediate effect upon the rights of a third person, by depriving that person of the use and enjoyment of his property, it seems that that being the principal condition on which the attachment can be granted, the responsibility of the party for whose benefit it is obtained, should exist at the time of its enforcement, that is to say, at the time that the attachment is levied. A bond signed by an unauthorized person, from which another party may be injured, and against which injury the bond is intended to provide, is no bond at all, in the sense of the law, and cannot be the basis of proceedings, the consequences *225 of which may cause damage to another. Its validity, and the liability arising therefrom, should exist simultaneously with the proceeding to which it gives rise ; as otherwise, attachments, or other proceedings of the same nature, might issue without the defendant’s having any other means of redress or remedy for the injury he may have sustained, but that which would depend upon the mere will of his adversary ; or, in other words, upon his subsequent and uncertain ratification of the act done by an unauthorized person assuming to act as his agent.
It is true, as a general rule, that a subsequent ratification gives validity to an unauthorized act óf a negotiorum gestor, and that the maxim above quoted generally applies. It has, when fairly made, the same effect as an original authority to bind the principal, and our Code is explicit upon this subject. Civ. Code, arts. 1789, 2252. 7 Mart. N. S. 143. 11 La. 288. 2 Rob. 20. It is true, also, that, if the authority first generally recited in the document under consideration, had existed at the time of the institution of this suit, it would have been sufficient to empower the agent to take the oath required by law; (Civ. Code, arts. 2963, 2964;) but it was too general to authorize him to sign the attachment bond, so as to be then binding upon the principal. Our law requires, in such cases, that the power should be special; (Civ. Code, art. 2966;) and it is clear, therefore, that the only reason why effect could be given to the attachment bond, would only result from the plaintiff’s subsequent ratification, which, we have already said, cannot have any retroactive effect in a case of this kind, so as to render valid, proceedings which originally were illegal and void. Story, in his Commentaries on the Law of Agency, § 246, establishes a distinction which, we think, covers the present case. He says : “ If the act done by such person would, if authorized, create a right to have some act or duty performed by a third person, so as to subject him to damages or losses for the non-performance of that act or duty, or would defeat a right, there, the subsequent ratification or adoption of the unauthorized act by the principal will not give validity to it, so as to bind such third person to the consequences.” In § 247, he illustrates the doctrine: “ So,” says he, “ the demand made of goods, by an unauthorized person, will not, al *226 though adopted by the principal, be evidence to support an action of trover for a conversion. So, a demand by a person, not authorized, of payment of a promissory note or bill of exchange, would not, though ratified by the holder, constitute a good demand upon the party, so as to make him liable for damages for his defaultSo, in this case, ought we to say, that an attachment issued on the oath and bond of a person unauthorized to sign it, should not, though subsequently ratified by the plaintiff, subject the defendant to being deprived of his rights to the property attached, or defeat his right to having the attach ment dissolved. Story, also, says, that “the rule, omnis ratiha-bitio retrotrahitur, et mandato priori cequiparatur, is only applicable to cases where the conduct of the parties, on whom it is to operate, not being referable to any agreement, cannot, in the mean time, depend on the fact, whether there be a ratification or not.
Bemiss, for a re-hearing,
urged, that the defendant, Harvey, having appeared by attorney, the action should not be dismissed, though the attachment were dissolved; citing, 1 Mart. 266. 6 Ibid. 574. 8 Mart. N, S. 352. 13 La. 11, 109.
*226 With this view of the question, we think the attachment must be dissolved, and the suit dismissed.
It is, therefore, ordered and decreed, that the judgment of the District Court, though rendered on the merits, in favor of the defendants and appellees, be avoided and reversed ; and it is ordered and decreed, that the motion made by said defendants to set aside the áttachment be sustained; that said at I ach ment be dissolved, and that this suit be dismissed; the plaintiff and appellant. paying the costs in both courts.